■ EASTMAN CHEMICAL PRODUCTS, INC., Respondent, v. FONDA MANUFACTURING CORPORATION, Appellant.— Order, Supreme Court, New York County, entered February 6, 1973, and judgment of said court entered thereon February 13, 1973, both herein appealed from, unanimously modified, on the law, by striking the third, fifth, and sixth ordering paragraphs of said order, and the appropriate and related portions of said judgment so as to void the reference

and deny recovery of attorney's fees. As so modified, the order and judgment are otherwise affirmed, without costs and without disbursements. This is an action, commenced by way of a motion for summary judgment pursuant to CPLR 3213, to recover from defendant as payee-endorser the face amount of two promissory notes of $50,000 each, together with interest and costs, plus attorney's fees. The two 30-day promissory notes were drawn to the order of Fonda Manufacturing Corporation (Fonda) the defendant herein, by Domino of California, Inc. (Domino), and indorsed by Fonda to plaintiff which accepted them in satisfaction, pro tanto, of Fonda's indebtedness. The notes were duly presented for payment which was refused. Thereafter, at Fonda's request they were again presented for payment with a like result. On this record plaintiff duly gave notice to Fonda of the refusal to pay in accordance with the requirements of subdivision (3) of section 3–508 of the Uniform Commercial Code (see, also, § 3–510, subd. [b]). The motion for summary judgment was granted together with interest and costs and a reference was directed with respect to attorney's fees. Defendant appeals from the order and judgment entered thereon. Defendant asserts, inter alia, error by the court in holding that plaintiff's claim properly came under CPLR 3213, that the court erred in holding that attorney's fees are payable under the notes and that there are triable issues raised which should have precluded summary judgment. Examination of the notes reveals that they are unquestionably instruments for the payment of money only within the orbit of CPLR 3213, and were properly so considered by the court. Defendant has failed to come forward with any evidentiary proof which raises any issue warranting denial of summary judgment for the face value of the notes (see Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136; Welbilt Concrete Constr. Corp. v. Kornicki, 26 A D 2d 661). The question of attorney's fees presents a different problem. That section of the notes not only contains blanks, but such blanks have a line drawn through them. Thus the authorizing section is nullified by the interlineation indicating clearly that the maker of the note had no intention to be so bound. This is not to say that the plaintiff might not have a separate cause of action for attorney's fees as against Fonda, the payee and endorser of the note. Plaintiff alleges promises dehors the note that payment in full, including costs of collection, attorney's fees, etc., would be paid by defendant. However, since this action is solely upon the notes, we do no more than say under the operative terms of such notes there is not a viable provision therein for payment of attorney's fees. Accordingly, we have severed and dismissed the claim with respect thereto. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Murphy, JJ.