■ EASTMAN CHEMICAL PRODUCTS, INC., Appellant, v FONDA MANUFACTURING CORPORATION, Respondent.—Order, Supreme Court, New York County, entered November 15, 1978, denying plaintiff's motion for summary judgment, and granting defendant leave to serve an amended and supplemental answer, unanimously modified, on the law, without costs, to the extent that the court determines pursuant to CPLR 3212 (subd [g]) that defendant is not entitled to credit for the postjudgment interest amounting to $7,166.36 which plaintiff collected on the judgment of February 13, 1973, and otherwise affirmed. Motion No. 1537 to adjourn the appeal to the September term and to supplement the record by receipt of the amended and supplemental answer denied, without costs. Fonda Manufacturing Corporation (Fonda) owed money to Eastman Chemical Products, Inc. (Eastman) in an amount over $100,000 for goods sold and delivered. Fonda was in possession of two promissory notes, each in the amount of $50,000, drawn by Domino of California, Inc., to the order of Fonda. Fonda delivered these notes to Eastman. It is disputed whether the notes were delivered as security or as part payment. The notes matured in November, 1971 and were dishonored when presented for payment. Eastman moved for and obtained summary judgment against Fonda on these notes in the amount of $109,944. The component parts of the judgment were $100,000 principal, $9,854 interest, and $90 court costs. We affirmed that portion of the judgment (*Eastman Chem. Prods. v Fonda Mfg. Corp.,* 42 AD2d 948, mot for lv to app den, 34 NY2d 513). Fonda ultimately paid this amount as well as an additional $7,166.36 in postjudgment interest. After the granting of summary judgment but prior to payment by Fonda of the judgment obtained on the notes, Eastman instituted the present action for $122,847.73 for moneys due to Eastman from Fonda. The complaint acknowledged that upon payment of the judgment Fonda would be credited therefor. Eastman moved for summary judgment in the amount of $22,847.73 (i.e., the difference between the principal amount of the notes and the total amount owed). Fonda sought credit for the $17,110.36 paid as interest on the notes. Special Term denied the motion for summary judgment, noting, *inter alia,* that the parties had a running account and there was a question of fact "whether any moneys are actually due for the specific goods upon which the suit is based." Special Term also granted leave to serve an amended and supplemental answer. We note that, whether the notes were received by plaintiff as security or as part payment, the defendant is not entitled to credit for the postjudgment interest which accrued as a matter of law and which certainly must be assessed as damages rather than a credit to principal (CPLR 5003; see, generally, 32 NY Jur, Interest and Usary, § 12). The remaining issues in the case cannot be determined at this time as a matter of law, at least until there should first be adequate opportunity to consider the issues raised by the amended answer. Concur—Sullivan, J. P., Lane, Markewich, Silverman and Ross, JJ.